UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICANS FOR PROSPERITY
FOUNDATION,

　　　　　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　　Civil Action No. 24-0091 (SLS)

U.S. DEPARTMENT OF COMMERCE,
et al.,

　　　　　　　　Defendants.

## JOINT STATUS REPORT

Pursuant to the Court's June 23 and July 26, 2026 Minute Orders, Plaintiff, Americans for

Prosperity Foundation, and Defendants, the Department of Commerce ("Commerce" or "Agency")

and the National Institute for Standards and Technology ("NIST") (collectively, "the Parties"), by

and through undersigned counsel, respectfully submit the following joint status report of events

since the Parties' June 22, 2026 report.

In its June 23, 2026 Minute Order, the Court ordered:

> the Parties to meet and confer in person to attempt to narrow or
> resolve their disputes and to file a further joint status report by July
> 27, 2026. This joint status report should update the Court on the
> results of the meet and confer alongside the following. For Parts 1
> and 3 of the Plaintiff's requests, the Defendants should update the
> Court on whether all records not subject to consultation have been
> produced. If not, the Defendants should explain what further steps
> are needed for production. For Part 2 of the FOIA request, the
> Defendants should confirm that the remaining 217 records have
> been processed. The Parties should continue to update the table in
> the 28 Joint Status Report in future joint status reports (unless the
> Court orders otherwise).

- 1 -

In the July 26, 2026 order, the Court extended the filing deadline to August 3, 2026, and also directed that the Parties detail what efforts they have undertaken since their last report to resolve this dispute.

### Searches for Parts 1 and 3 of Plaintiff's Requests

NIST and BIS have completed their searches for records responsive to Parts 1 and 3 of Plaintiff's requests.  BIS's search resulted in 30 potentially responsive records (approximately 230 pages), which is more than previously reported by the parties. BIS anticipates that the processing of these records should now be completed by August 31, 2026.

NIST has also completed its search and, as previously reported, located approximately 400 potentially responsive records, all of which require multiple consultations within the Department and/or with other federal agencies consistent with 15 C.F.R. § 4.5(b) and/or submitter notifications pursuant to 15 C.F.R. § 4.9 before release. Due to the number of consultations required with agencies and other parties outside the Department for these NIST records, many of which need to be done consecutively rather than concurrently, their proposed final completion date will depend on when the consultations are completed. Defendant NIST anticipates making its first interim production on or around August 31, 2026.

Defendants will provide further information on this processing to Plaintiff as soon as practicable and will continue to include these updates in the parties' discussions and joint status reports.  The parties are committed to finding ways to narrow these parts of Plaintiff's requests, as information becomes available from BIS and NIST, or as interim productions issue.  In particular, Plaintiff has explained it is willing to consider excluding records that contain information potentially subject to Exemption 4.

**Processing and Consultations for Part 2 of Plaintiff's Requests**

Since the June 22, 2026 joint status report (ECF 28), Defendants completed the initial review of the remaining 217 records (2,983 pages) that constituted the remaining universe of records potentially responsive to Part 2 of Plaintiff's FOIA requests and has made a final determination on the records that are not subject to consultation or submitter notification. Defendants released 66 records (527 pages (778 pages without slip sheets replacing withheld records)) on June 30, 2026, asserting Exemptions 4, 5, 6, and/or 7; and 58 records (268 pages (551 pages without slip sheets replacing withheld records)) on July 31, 2026, asserting Exemptions 5, 6, and/or 7. These productions were accompanied by indices containing further information about the exemptions asserted for those records withheld in full.  (As reported below, Plaintiff has reviewed these records from the sixth and seventh interim productions and has no challenge to their treatment.)

In total, Defendants have reviewed 1,754 records (23,717 pages) as potentially responsive to Part 2 of the request.  To date, Defendants have produced 317 records, and have approximately 370 records where one or more family members need consultation pursuant to 15 C.F.R. § 4.5(b) or submitter notification pursuant to 15 C.F.R. § 4.9.  There are no records remaining for review and potential release for Part 2 that do not require either consultation or submitter notification prior to their release.  The consultations that have been sent to date are listed in the appendix attached to this report.  Additionally, Defendants are preparing to send out all remaining consultations and submitter notifications for Part 2 by August 14, 2026.

Due to the number of records that may need consultation outside the Department, the proposed final completion date will depend on when the consultations are completed. Additionally, some records require multiple consultations, some of which will need to be done consecutively and not concurrently. Commerce will continue to follow up on any outstanding consultations.

NIST continues to follow up on the status of its consultations as to Part 3 and will continue to include these records in the monthly productions once the processing is complete.

**Plaintiff's Disputes over the Treatment of Responsive Records**

On March 5, 2026, Plaintiff identified ten (10) records from the February 27, 2026 production that it believes were improperly processed.  Specifically, Plaintiff challenges Defendant's use of Exemptions 4, 5, and 6, as well as its efforts to reasonably segregate out non-exempt portions for release.  Defendant is reviewing those records and anticipates providing further information by August 31, 2026.

With respect to Defendant's first interim release in January 2026, Plaintiff previously requested further information about approximately fourteen (14) records that had been withheld in full.  Defendant provided further descriptive information about these records on March 9, 2026. Plaintiff reviewed that information and informed Defendants that it still had questions with two of the withheld records.  Defendants are working with Plaintiff to provide additional information in an attempt to resolve these issues and anticipate doing so by August 31, 2026.

On May 1, 2026, prior to the filing of the last JSR, Plaintiff also requested further information about two (2) records from the fourth interim production.  Defendants, again, are working with Plaintiff to provide additional information in an attempt to resolve these issues before August 31, 2026.

Counsel for the parties met in person on Thursday, July 30, 2026.  Prior to that conferral, on or about July 24, 2026, Plaintiff had agreed that Defendants could exclude briefing books from future processing, which will help narrow Part 2 of the request.  Counsel for the parties also discussed other possible ideas for narrowing the request but agree that further discussion as to those issues is needed.  Counsel for the parties discussed the outstanding issues raised by Plaintiff

regarding produced records, and, as noted above, Defendant will be providing further information as to those issues.  Since the last joint status report, Defendants have issued the Sixth and Seventh productions to Plaintiff.  Plaintiff has reviewed those productions and has no challenge to any of the asserted exemptions. Counsel for the parties intend to continue to confer in an effort to expedite resolution of this matter.

*     *     *

The Parties respectfully request that they file a joint status report on or before September 3, 2026, apprising the Court of the status of Plaintiff's FOIA requests.

Dated:  August 3, 2026                    Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
AMERICANS FOR PROSPERITY
FOUNDATION
4201 Wilson Blvd., Suite 1000
Arlington, VA 22203
Telephone: (571) 444-2841
rmulvey@afphq.org

*Counsel for Plaintiff*

AND

- 5 -

JEANINE FERRIS PIRRO
United States Attorney


By: /s/ Jeremy S. Simon
Jeremy S. Simon, D.C. Bar 447956
Derrick A. Petit, D.C. Bar 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2528


*Attorneys for the United States of America*