UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE, et al.,<br><br>Defendants. | Civil Action No. 24-0091 (SLS) |

**DEFENDANTS' STATUS REPORT**

Defendants, the Department of Commerce ("Commerce" or "Agency") and the National Institute for Standards and Technology ("NIST") (collectively, "the Parties"), by and through undersigned counsel, provide the following information as directed by the Court at the status hearing this morning. This submission also corrects and clarifies certain information reported to the Court earlier today based on information received by undersigned counsel following the hearing.

**Parts 1 and 3 of Plaintiff's Requests**

1. Bureau of Industry and Security ("BIS"): As stated at the status hearing, there are 81 pages remaining to be processed by BIS for parts 1 and 3 of the request, 79 pages of which were sent for consultation and two pages of which are emails associated with the consult pages (but not themselves sent for consultation) that will be processed once the consultations are returned. The 79 pages were sent for consultation to the White House Counsel's Office on September 9, 2026. BIS expects a response by October 9, 2026.

2. <u>NIST</u>: As an initial matter, Defendants clarify information that was previously reported to the Court. Defendants had indicated that NIST had located approximately 400 potentially responsive records related to parts 1 and 3 of the request. Defendants now clarify that, with the exception of 21 records and their included attachments, if any, the approximately 400 records identified are primarily responsive to part 2 of the request rather than parts 1 and 3.

   - As to the 21 records and their attachments for parts 1 and 3, there are 14 records remaining (111 pages) that are currently undergoing internal review. NIST plans to produce by October 15, 2026 the non-exempt portions of these records that do not require external consultation.
   - As to the remainder of those 21 records and their attachments for parts 1 and 3, on August 31, 2026 NIST issued an interim response to Plaintiff, which produced one record (two pages) responsive to parts 1 and 3 and withheld in full six records (40 pages).
   - As to the approximately 400 remaining records previously identified as potentially responsive to parts 1 and 3, but now recognized as in fact being primarily responsive to part 2, NIST issued a response letter dated August 31, 2026, with respect to two records (nine pages). For reasons explained in the accompanying declaration of Amy Egan,[1] NIST requests additional time—specifically until close

[1] Ms. Egan explains that "[d]ue to the way that Defendant NIST is storing these records, Defendant NIST must manually review the remaining approximately 400 records in order to provide the Court with the requested information: page count, identification of the agencies or outside parties the records were sent to, date sent, and estimated date of completion," and was not able to do so within the time allotted by the Court at this morning's hearing. Egan Decl. ¶ 11; *see also AHA v. Price*, 867 F.3d 160, 168 (D.C. Cir. 2017) ("an equity court must examine" a claim

of business on September 16, 2026—to provide the Court with a page count of those records and to also provide the information requested by the Court regarding the status of consultations with respect to those records (i.e., when the consultations were sent, to which agency(ies), and when a return on the consultation is requested).

**Part 2 of Plaintiff's Requests**

Defendants stated in the status report filed on August 3, 2026 (ECF 31), that there are no records remaining for review and potential release for part 2 that do not require either consultation or submitter notification prior to the records' release.[2] This is still the case for all part 2 records originating from Commerce, but not for NIST (as explained above). The consultations that had been sent as of August 3, 2026, were listed on a chart attached to that status report (the "August 3, 2026 chart"). Additionally, Defendants reported in the August 3, 2026 status report that they were preparing to send out all remaining consultations and submitter notifications for part 2 by August 14, 2026. The attached updated chart reflects the pages sent out for consultation by August 14, 2026, including the agencies to which they were sent and the estimated date when the consultation is expected to be returned.[3] The attached updated chart also reflects that there are 54 pages of submitter notifications that were sent by August 26, 2026 (not August 14, 2026, as originally anticipated). Defendants confirm that all outstanding consultations for Department of Commerce

---

that performance is not lawfully possible and "prior to issuing the order, find that lawful compliance is indeed possible").

[2] Of the remaining documents, there are approximately 6 email records that are associated with records sent for consultation but that themselves are not part of the consultation. Defendant is planning to produce these records to Plaintiff so that Plaintiff may determine whether they wish to receive the attachment(s) once the consultation has been completed.

[3] The chart that is attached hereto is a further updated version of the chart that the undersigned had with him at the status conference this morning and contains additional information responsive to certain of the Court's inquiries.

records for part 2 of the request (with the exception of the approximately 400 NIST documents now understood as being responsive to part 2 of the request, as discussed above at 2) are reflected on the attached updated chart. Defendants also note that it is possible that, as the current consultations or submitter notifications are completed, some records may need to undergo additional consultations that must be done consecutively and not concurrently.

The following responds to the Court's questions concerning the following entries on the August 3, 2026 chart:

1. Bureau of Industry and Security Consultation: The August 3 chart indicated that the consultation for the 1,459 pages (line items for 712 pages and 747 pages) would be fully completed by August 31, 2026 (prior to that date, the consultation had been partially completed). As further explained in the accompanying declaration of Stephanie Boucher, those consultations are complete, but the result of the consultations was a determination that all but 98 pages were not responsive to the request. By July 31, 2026, Defendant had produced to Plaintiff all responsive records from these 98 pages that did not require additional consultations. Defendants are working to determine the consultation status of what remains of the 98 responsive pages returned from the BIS consultation.

2. Executive Office Not Subject To FOIA: The Court directed Defendants to identify the government entity referenced on the chart by this designation. This government entity is the White House Counsel's Office, as reflected in the accompanying updated chart attached to this report.

In addition, Defendants provide a correction regarding consultations remaining with the Office of Management and Budget (OMB). The undersigned stated at the hearing this morning that seven pages were returned from consultation with OMB and had been produced to Plaintiff on August 31, 2026. The undersigned, however, had misunderstood information that had been provided to him and advised the Court that the seven pages encompassed the six pages sent for consultation to OMB on February 4, 2026, as well as one page sent for consultation to OMB on August 14, 2026. Defendants now clarify that the seven pages produced on August 31, 2026, encompass the one page sent for consultation on August 14, 2026, along with a six-page attachment that did not itself require consultation. Accordingly, 27 pages still remain with OMB for consultation. The undersigned regrets any confusion that he may have caused.

Dated: September 10, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. Bar 447956
Assistant United States Attorney
Deputy Chief, Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-2528

*Attorneys for the United States of America*